Advisory opinion by
CHARLES J. SCHUCK, Judge.
To the Board of Control of West Virginia:
In connection with the above entitled claim, the inquiry contained in the following question heretofore submitted m re claim no. 258, American Insurance Agency, is now submitted to this court by the board of control of West Virginia, for an advisory opinion, to-wit:
“Can the state properly pay insurance premiums on cars owned by the state, inasmuch as there is a question as to whether any enforceable liability accrues against the state in case of property damage or personal injury.”
While not appearing specifically in the body of the inquiry it nevertheless contemplates the insurance protecting state employees against public liability for acts arising in the course of their employment as such and resulting in injuries to property or persons. This matter was heretofore submitted to this court for an advisory opinion, and the court unanimously held in effect that, in the absence of any authorization either specifically given by statute or by implication, under the act *261 creating the court of claims, the court would be without authority to consider a claim of the nature now presented and submitted in connection with the request for the court’s opinion.
As yet no authority whatever, of course, has been given by the Legislature to any state department to contract for the insurance in question, and the only other authority could be that by implication the power had been delegated to the court of claims to allow and honor these insurance contracts.
We are of the opinion, after a very careful consideration of the act, creating the court of claims, as well as its various provisions, that while allowing us to consider certain claims arising ex contractu and ex delicto it does not expressly or by implication allow us to consider and honor claims for the amounts of insurance premiums on policies issued for the sole purpose of protecting state employees against public liability for property damage or personal injuries arising through any negligent act on the part of said state employees while so engaged.
We accordingly again hold that until the Legislature gives the authority to the court of claims to consider and allow the claims in question that we would be overreaching the powers as at present conferred on the court by allowing the claim in question, and we further hold that the auditor is acting within his rights in refusing to honor claims or warrants for such premiums.